IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY M. LEONARD,

        Plaintiff,　　　　　　　　　No. CIV S-02-2023 LKK EFB P

    vs.

EDWARD N. BONNER, et al.,

        Defendants.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is confined in Atascadero State Hospital ("ASH") pursuant to California's Sexually Violent Predators Act ("SVPA"). *See* Cal. Welf. & Inst. Code §§ 6600 *et seq.* (West 1998). He appears on his own behalf seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He filed his initial complaint on September 16, 2002 and this action proceeds on the February 7, 2003, first amended complaint. That complaint alleges that defendant Steve Frank[1], a physician's assistant, approved the confiscation of an "air cast," explained below, that was used for treatment of an ankle injury, thereby causing plaintiff to suffer severe pain.

////

////

---

[1] Plaintiff named three other individuals as defendants. They submitted a pretrial statement on November 28, 2005.

1

Defendant Steve Frank has moved for summary judgment on the grounds that this action is untimely and that plaintiff cannot adduce evidence to prove that approving the confiscation was not a proper medical judgment.

**I. Facts**

At all times relevant to this action, plaintiff was a civil detainee pursuant to California's Sexually Violent Predators Act ("SVPA"), *see* Cal. Welf. & Inst. Code §§ 6600 *et seq.* (West 1998), and was confined either at the Placer County Jail or at ASH.  Defendant Steve Frank was a Physician's Assistant at the Placer County Jail.  Defs.' Mot. for Summ. J., Attach. 2, Frank Decl., at 1.  Frank has about nine years of orthopedic experience in the area of sports medicine. *Id.*, at 2.

On or around June 19, 2001, plaintiff injured his ankle while playing basketball at ASH. Pl.'s Dep., lodged May 14, 2004, at 15; *see* Frank Decl., at 2.  Plaintiff recalls Dr. Belanger, who is not a defendant, telling plaintiff that he had torn tendons.  Pl.'s Dep., at 26.  A June 20, 2001, notation in plaintiff's medical records states that plaintiff had sprained his ankle while playing basketball, walked into the examination room, suffered mild swelling of his foot and it was "painful on ROM."[2]  Frank Decl., Ex. 1.  Dr. Belanger prescribed an air cast, a support device, to be worn for seven days.  Pl.'s Dep., at 16; Defs.' Mot. for Summ. J., Ex. A, Belanger Dep., at 6, 8.  Dr. Belanger testified that depending on how severe a sprain is, an air cast may be prescribed for a week and then its use may be extended, or not, based on a follow-up examination. Belanger Dep., at 23.  While it is not unusual for a sprain to take up to three months to heal, using an air cast for too long can cause weakening of the muscles that support the ankle. *Id.*  For treating an acute injury, Dr. Belanger ordinarily prescribes rehabilitative exercises and discontinues use of an air cast within three weeks. *Id.*, at 23-24.  After a severe injury, however, appropriate treatment can include use of an air cast during sports activities for an indefinite

---

[2] Neither party explains what ROM means, but the court construes it as "range of motion."

2

period of time. *Id.*, at 24.

On July 3, 2001, plaintiff was transferred to the Placer County Jail for SVPA court proceedings. Pl.'s Dep., at 16-17; Belanger Dep., at 7. Around the time of plaintiff's transfer, defendant Frank received a fax from ASH containing the June 20, 2001, notation described above. Frank Decl., at 2. On August 25, 2001, a jail nurse approved plaintiff's use of the air cast. Frank Decl., at Ex. 2; Pl.'s Dep., at 17. Immediately after plaintiff left a court appearance on August 27, 2001, a sergeant at the Placer County Jail ordered plaintiff onto the ground and removed plaintiff's air cast. Pl.'s Dep., at 13-14, 69. A day or two later, plaintiff requested medical attention. *Id.*, at 26. As a result, plaintiff saw defendant Frank who informed plaintiff that he had approved removal of the air cast two days earlier. *Id.*, at 36, 70. Frank could see the swelling in plaintiff's foot, but he did not examine plaintiff and did not return the air cast to plaintiff. *Id.* On August 29, 2001, Frank informed plaintiff that the air cast had been prescribed for one week of use, and that he already should have discontinued using it. Frank Decl., at 2. Plaintiff understood Dr. Balenger to have instructed plaintiff to use it for one week and thereafter to use it as necessary. Pl.'s Dep., at 27. He continued to use the brace beyond the time prescribed because walking without it for any distance more than a few steps was painful and would cause swelling. Pl. Dep., at 24-25.

Plaintiff returned to ASH on September 6, 2001. Belanger Dep., at 9. At deposition, plaintiff testified that his foot was so swollen that a doctor immediately prescribed another air cast and ultimately concluded that plaintiff should use a wheelchair. Pl. Dep., at 19, 29. In contrast, Dr. Belanger testified at deposition that a different physician found no swelling or bruising, even though plaintiff reported pain in his foot and ankle. Belanger Dep., at 9, 10. Dr. Belanger also testified that the June 20 injury was so remote that it was unlikely to have caused plaintiff discomfort in September. *Id.*, at 10.

Plaintiff had several problems with his foot. Other than the June 19, 2001, injury, he had a bone spur on his heel, and at some time had torn some tendons. *Id.*, at 10; Pl.'s Dep., at 27. He

1 resisted injections to treat the bone spur, which caused pain independent of his ankle injuries.

2 Belanger Dep., at 10. In August 2002, Dr. Balanger prescribed plaintiff an air cast for sports and

3 walking to be used for as long as plaintiff needed it. *Id.*, at 11.

**II. Summary Judgment Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[3] The utility of Rule 56 to determine whether there is a "genuine issue of material fact," such that the case must be resolved through presentation of testimony and evidence at trial is well established:

> [T]he Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

---

[3] On May 1, 2003, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322). There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex,* 477 U.S. at 323.

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion, i.e., whether defendant Steve Frank's actions were punitive in nature. Therefore, to withstand defendant's motion, plaintiff may not rest on the mere allegations or denials of his pleadings. He must demonstrate a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). He must rely on evidence based upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

**III.  Analysis**

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Here, plaintiff's action arises under 42 U.S.C. Section 1983 and the Fourteenth Amendment. To prevail at trial, he must prove that the defendant deprived him of his Fourteenth Amendment rights while acting under color of state law. To prove a Fourteenth Amendment violation, plaintiff must show by a preponderance of competent evidence that the defendant's actions were punitive in nature. *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). As discussed below, plaintiff has failed to establish a genuine dispute for trial over this material issue.

**IV.  Statute of Limitations**

As stated above, defendant Frank asserts that this action is untimely. He asserts that plaintiff had one year from the time the cause of action accrued to file the complaint in this

5

action. Defendant does not inform the court whether state or federal law applies, does not cite to the applicable statutes with specificity, does not address whether statutory tolling applies and does not address whether equitable tolling applies. In short, defendant makes no discernable argument. He has not satisfied his burden of demonstrating that plaintiff filed the complaint beyond the one year limitation period. Therefore, defendant is not entitled to judgment as a matter of law on this basis. The court now turns to the merits.

**V. Standards for Conditions of Confinement for Civil Detainees**

As stated, plaintiff claims that defendant Frank violated his rights by giving law enforcement officers[4] approval to confiscate the air cast he wore on his ankle, thereby causing plaintiff to suffer severe pain. Defendant Frank contends that plaintiff cannot adduce evidence to prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs under either Eighth Amendment or Fourteenth Amendment standards. Defs.' Mot. for Summ. J., at 8-9. The court concludes that Fourteenth Amendment not Eighth Amendment standards apply, and that under these standards plaintiff has not produced sufficient evidence to demonstrate a genuine dispute for trial as to defendant Frank's actions.

A person confined pursuant to California's SVPA is civilly committed based on a concern that past convictions for sexually violent offenses and a diagnosed mental disorder makes it likely that the person will engage in sexually violent behavior in the future. Cal. Welf. & Inst. Code §§ 6600 *et seq.* (West 1998). "Persons who have been involuntarily committed [pursuant to civil process] are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 305, 321-22 (1982). Civil detainees retain greater liberty protections than individuals detained under criminal process. *Youngberg*, 457 U.S. at 321-24.
////

---

[4] At least one of these officers is a defendant in this action.

1  As the Ninth Circuit has explained, "At a bare minimum, then, an individual detained under civil
2  process - like an individual accused but not convicted of a crime - cannot be subjected to
3  conditions that "'amount to punishment.'" *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004).
4  On its face, the Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. Am.
5  VIII. Eighth Amendment standards provide insufficient protection "for those whom the state
6  cannot punish." *Hydrick v. Hunter*, 466 F.3d 636, 696 (9th Cir. 2006); *see also Jones*, 393 F.3d
7  at 931-34. The Eighth Amendment does not apply to challenges to the adequacy of medical care
8  brought by persons confined pursuant to civil statutes that are not punitive. Thus, to prevail on
9  his claim, plaintiff need not prove deliberate indifference. *Jones*, 393 F.3d at 934.

10  Under the Fourteenth Amendment, conditions of confinement are subject to a rebuttal
11  presumption that they are punitive if they are "identical to, similar to, or more restrictive than
12  those under which pretrial criminal detainees are held, or where the individual is detained under
13  conditions more restrictive than those he or she would face upon commitment." *Jones*, 393 F.3d
14  at 934. The question is whether the conditions are "punitive," i.e., they are intended to punish or
15  are "excessive in relation to [a] non-punitive purpose." *Id.* (quotation marks and citation
16  omitted). Under this standard, a court must consider whether the purpose to be served could
17  have been served with "alternative and less harsh methods." *Id.* (citation omitted). The
18  presumption may be rebutted by a showing of "legitimate, non-punitive interests justifying the
19  conditions" to which the detainee was subjected, and a showing that the restrictions or conditions
20  were not "excessive" in relation to those interests. *Id.*

21  To resolve defendant's motion, the court must determine whether there is a material
22  dispute about whether defendant Frank's action was "punitive" in that his giving approval to law
23  enforcement staff to remove the air cast was excessive in relation to some "legitimate, non-
24  punitive interest." Plaintiff asserts that defendant merely subjugated any exercise of medical
25  judgment to whatever orders he received from law enforcement officers. Pl.'s Dep., at 79-80.
26  ////

1  Defendant Frank asserts that he gave his approval in the interest of plaintiff's health.  It is
2  undisputed that on June 20, 2001, Dr. Belanger prescribed the use of the air cast for seven days.
3  It also is undisputed that, at least for a minor sprain, use of an air cast for more than three weeks
4  ordinarily is contraindicated.  More than three weeks had passed when defendant approved the
5  confiscation.  While defendant Frank, a physician's assistant, does not dispute plaintiff's
6  assertion that he did not examine plaintiff before approving the confiscation, plaintiff does not
7  adduce any evidence that examination was necessary in light of the expired prescription and the
8  length of time he had been using the air cast.  Dr. Belanger, not the assistant Frank, prescribed
9  the use of the air cast for seven days.  Moreover, the evidence corroborates Franks' assertion that
10 plaintiff's health, not some other purpose, motivated the approval that the air cast be removed.
11 Dr. Belanger testified in his deposition that using an air cast for too long can cause weakening of
12 the muscles that support the ankle and for that reason prolonged use is contraindicated.

13       Whether there were less confrontational means to remove the air cast appears to be a
14 question to be resolved at trial regarding the officers who actually removed it.  Those officers,
15 not Frank, applied whatever force was used and is challenged by plaintiff.  But this motion
16 addressed the decision by Frank that the air cast should be removed.  Plaintiff criticizes the
17 decision and argues that it was poor judgment.  However, the evidence presented in opposition to
18 this motion fails to demonstrate in any way that Frank approved the removal for any punitive
19 purpose or was motivated by any other concern than the fact that the prescription was for one
20 week, plaintiff had used it for several weeks beyond the prescription ,and its prolonged use
21 weakens surrounding muscle tissue and makes the condition worse.  That hardly shows Frank's
22 decision was "punitive," i.e., intended to punish or was  "excessive in relation to [a] non-punitive
23 purpose."  *Jones*, 393 F.3d at 934.  Where, as here, " the nonmoving party will bear the burden
24 of proof at trial as to an element essential to its case, and that party fails to make a showing
25 sufficient to establish a genuine dispute of fact with respect to the existence of that element, then
26 summary judgment is appropriate."  *California Arch. Bldg. Prod.*, 818 F.2d at 1468 (citing

1 | *Celotex Corp. v. Catrett*, 477 U.S. 317).

2 |     Accordingly, it is hereby RECOMMENDED that defendant Steve Frank's August 16,
3 | 2006, motion for summary judgment be granted.

4 |     These findings and recommendations are submitted to the United States District Judge
5 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
6 | being served with these findings and recommendations, any party may file written objections
7 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections
8 | to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
9 | specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
10 | F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 | Dated:  August 31, 2007.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE