IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY M. LEONARD,

      Plaintiff,                        No. CIV S-02-2023 LKK EFB P

   vs.

EDWARD N. BONNER, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is a prisoner suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On May 12, 2006, a tentative pretrial order was filed which set a trial date for September 6, 2006. That trial date was subsequently vacated and the period for dispositive motions was reopened. Defendant Frank filed a motion for summary judgment which was granted on September 26, 2007.[1]

      The case now appears ready for a trial confirmation hearing. The court notes that the earlier Final Pretrial Order included a recommendation that defendant Sandhu be dismissed. The recommendation observed that although plaintiff named Sandhu in the amended complaint filed

---

[1] Because of the plaintiff's relocations the order granting the motion was reserved. Plaintiff has since notified the court of his current address. *See* notices of change of addresses filed November 1, 2007 and January 23, 2008.

1

February 7, 2003, plaintiff's final pretrial statement raises only a claim of excessive force and neither the amended complaint nor the pretrial statement make any allegations that Sandhu used excessive force. The amended complaint simply alleged that Sandhu violated plaintiff's Fourteenth Amendment right to due process by classifying him as a county prisoner rather than a civil detainee, but includes no allegation that Sandhu used any force on plaintiff. Plaintiff filed objections to the dismissal of Sandhu, arguing that he was abused because he was not properly classified.[2] Plaintiff's pretrial statement does not reference this claim and instead, focuses on a claim of excessive force in violation of the Eighth Amendment. Because no such claim is alleged as to defendant Sandhu the recommendation that he be dismissed is adopted. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(d), the pretrial order, which supersedes the pleadings, shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The recommendation for dismissal of defendant Sandhu contained in the Final Pretrial Order filed May 12, 2006, is adopted;

2. Defendant Sandhu is dismissed from this action;

3. A trial confirmation hearing is now set for March 9, 2009, at 11:15 a.m. in Courtroom No. 4;

4. Jury trial is reset to June 2, 2009, at 10:30 a.m. in Courtroom No. 4; and,

---

[2] His May 22, 2006, objections state that "plaintiff is only trying to show the end result to Officer Sandhu's violation of [p]laintiff's rights."

2

5. With those changes, the pretrial order is final.³

Dated: January 27, 2009.

```
                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
```

---

³ As noted, defendant Frank's motion for summary judgment, filed subsequent to the filing of the pretrial order, was granted and he was dismissed from this action. The pretrial order is effectively amended by operation of this order to exclude defendant Frank as well as defendant Sandhu.