IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

    Plaintiff,                     No. CIV S-02-2023 LKK EFB P

    vs.

EDWARD N. BONNER, et al.,

    Defendants.             ORDER

_____/

    Plaintiff is a civil detainee proceeding *pro se* on an action under 18 U.S.C. § 1983. Pending before the court is defendants Johnson and Thompson's motion for leave to file a motion for summary judgment or, in the alternative, to amend the answer. Defendants contend that they seek leave to assert the arguments that plaintiff's claims are barred by the statute of limitations, that there is insufficient evidence of a Constitutional violation, and that one of the defendants is entitled to qualified immunity.

**I. BACKGROUND**

    This case commenced in 2002. In 2003, plaintiff filed an amended complaint, which defendants answered. A Scheduling Order was issued in November 2003 and in May 2004, defendants moved for summary judgment, both challenging the merits of plaintiff's claims and asserting that they were entitled to qualified immunity. Their motion was denied. Order, Aug. 15,

2005. In May, 2006, the Magistrate Court issued a Pretrial Order that, among other things, set forth the legal issues to be resolved at trial and identified any amendments or abandoned issues. Defendants did not object to any of these aspects of the order.[1]

In August, 2006, the court reopened the time to file dispositive motions and granted the parties forty-five days to file and serve such motions. Order, Aug. 2, 2006. Defendant Frank filed a motion for summary judgment, raising arguments on the merits of plaintiff's claim and asserting that the claim was filed past the limitations period. No other defendant joined in the motion, which was granted. Order, Sept. 26, 2007.

Subsequently, a trial confirmation hearing was set for March 9, 2009 and trial set for June 2, 2009. Order, Jan. 27, 2009. The trial confirmation hearing was then continued to April 6, 2009. At the hearing, defendants' counsel did not raise the issue of reopening the time to file dispositive motions or otherwise indicate that he would seek leave to file a motion for summary judgment or amend defendants' answer. Trial was later reset to September 22, 2009.

## II. STANDARD

Federal Rule of Civil Procedure 16(b) provides in part:

> [The district court] ... shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, ... enter a scheduling order that limits the time, to join other parties, amend the pleadings, complete discovery, and file motions. . . .
> A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(3)(A), 16(b)(4); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.3d at 609, citing Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind. 1990); 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE §

---

[1] Defendants did object to the trial date listed in the Order.

1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).  The moving party's carelessness does not merit amendment of the Scheduling Order, as it demonstrates a lack of diligence. <u>Johnson</u>, 975 F.3d at 608-609, citing <u>Engleson v. Burlington Northern R.R. Co.</u>, 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)) and <u>Martella v. Marine Cooks & Stewards Union</u>, 448 F.2d 729, 730 (9th Cir. 1971) (same), <u>cert. denied</u>, 405 U.S. 974, 92 S. Ct. 1191, 31 L.Ed.2d 248 (1972). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. <u>See</u> <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D.Me. 1985). If the moving party was not diligent, the inquiry should end.

### III. ANALYSIS

Here, defendants have offered no good cause for amendment of the Pretrial Order so as to permit leave to file a motion for summary judgment or amend their answer. While the court is cognizant that defendants' newly-associated counsel only recently has discovered defenses that may be meritorious, the defendants have, on numerous occasions, had the opportunity to present these arguments to the court. They did not do so and in their instant motion they offer no justification for this failure so as to allow the court to conclude that it was the result of anything more than simple carelessness or oversight. Such lack of diligence offers the court "no reason for a grant of relief." <u>Johnson</u>, 975 F.2d at 609.

### IV. CONCLUSION

Accordingly, defendants' motion for leave to file a motion for summary judgment or to amend the answer is DENIED.

IT IS SO ORDERED.

DATED: July 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT